UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL P. McKINNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:20-CV-151-HAB |
| GRANT COUNTY SHERIFF, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This case was successfully mediated. Yet, Plaintiff has refused to sign the settlement documents. That refusal resulted in two filings now before the Court: Defendant's Motion to Enforce Settlement, Motion for Fees & Costs and Motion to Dismiss (ECF No. 30); and a Motion to Withdraw from Plaintiff's counsel (ECF No. 36).

**I.   Factual Background**

The parties mediated this case in November 2021 and reached what Defendant calls a "contingent agreement" whereby Plaintiff would settle his claims in exchange for $5,000.00, with Defendant covering mediation costs. "The contingent agreement allowed counsel for Plaintiff some additional time to run down settlement specifics." (ECF No. 30 at 2). No mediation agreement was executed at the end of the mediation. (ECF No. 42).

After mediation, Plaintiff demanded additional settlement terms related to medical expenses. Defendant rejected those additional terms and, through the mediator, resubmitted the offer of $5,000.00 plus ADR costs. The mediator informed Defendant that Plaintiff agreed to these terms. The mediator filed a report with the Court stating that the parties "were able to settle and resolve the underlying litigation." (ECF No. 24).

Counsel for Defendant sent a release along with a check for $5,000.00 to Plaintiff. Over the following weeks, the attorneys exchanged several emails relating to the medical expense issue. Defendant claims that these emails culminated in an agreement between the attorneys on the terms of a release. In support of that claim, an email attaching a "revised release," dated December 26, 2021, has been submitted to the Court. (*See* ECF No. 30-3).

With no settlement papers filed and the trial in this case rapidly approaching, the Court held a telephonic status conference on January 6, 2022. At the conference, counsel for Plaintiff represented that the case was settled. Based on that representation, the Court granted Plaintiff's oral motion to continue the trial.

One week after the conference, counsel for Plaintiff informed counsel for Defendant that Plaintiff refused to sign the release. The pending motions were then filed.

**II.    Legal Discussion**

State law, in this case Indiana law, governs whether a contract to settle a case was made. *Dillard v. Starcon Int'l Inc.,* 483 F.3d 502, 506 (7th Cir. 2007). "Indiana strongly favors settlement agreements and if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003)). Settlement agreements are governed by the same general principles of contract law as other agreements. *Id*. Generally, a settlement agreement is not required to be in writing. *Id*. The existence of a contract is a question of law, and the basic requirements of a contract are offer, acceptance, consideration, and "a meeting of the minds of the contracting parties." *Batchelor v. Batchelor*, 853 N.E.2d 162, 165 (Ind. Ct. App. 2006). When determining if a contract is enforceable, a court must consider two interrelated areas: intent to be bound and definiteness of

2

terms. *Sands*, 945 N.E.2d at 180. To render a contract enforceable, only the essential terms need be included. *Id*. Whether the parties intended to execute a subsequent written document is relevant to the determination of intent to be bound. *Id*.

Because this was a mediated settlement, another set of rules applies. This Court's Local Rules provide that the Indiana ADR rules "apply to all alternative-dispute-resolution processes unless the court orders otherwise." N.D. Ind. L.R. 16-6(c). Thus, even though this case was removed from state court, the Court must still apply Indiana's ADR rules.

Indiana ADR Rule 2.7 sets forth the required procedures for mediation. Relevant to this case, subsection (E)(2) states, "[i]f an agreement is reached, in whole or in part, it shall be reduced to writing and signed by the parties and their counsel." Ind. ADR Rule 2.7(E)(2). This rule is vital to the enforceability of any mediated settlement agreement. Indiana decisions are clear that, for a mediated settlement to be enforced, it must be reduced to writing and signed by both parties and their attorneys. *See*, *e.g.*, *Reno v. Haler*, 734 N.E.2d 1095, 1098 (Ind. Ct. App. 2000). This is because statements made during mediation, including oral settlement agreements, are inadmissible under Ind. ADR Rule 2.11. *Vernon v. Acton*, 732 N.E.2d 805, 810 (Ind. 2000). As the Indiana Supreme Court explained:

> Notwithstanding the importance of ensuring the enforceability of agreements that result from mediation, other goals are also important, including: facilitating agreements that result from mutual assent, achieving complete resolution of disputes, and producing clear understandings that the parties are less likely to dispute or challenge. These objectives are fostered by disfavoring oral agreements, about which the parties are more likely to have misunderstandings and disagreements. Requiring written agreements, signed by the parties, is more likely to maintain mediation as a viable avenue for clear and enduring dispute resolution rather than one leading to further uncertainty and conflict. Once the full assent of the parties is memorialized in a signed written agreement, the important goal of enforceability is achieved.

*Id*.

So, where does that leave this settlement? No agreement was executed at the close of mediation; Plaintiff was not present, and even Defendant describes the verbal agreement as contingent. Consistent with ADR Rule 2.7, the Court concludes that no binding agreement was reached at mediation. Any enforceable agreement, then, must have originated from post-mediation discussions.

The parties have submitted evidence of post-mediation discussions, but the Court has serious reservations regarding Plaintiff's counsel's authority to enter into an agreement on Plaintiff's behalf. As late as December 23, 2021, the parties were actively disputing whether payment for medical bills would be part of the settlement. According to Plaintiff's response to the motion to enforce, the debate over medical bills was due to "the concerns of the Plaintiff." (ECF No. 34 at 1). At least in Plaintiff's mind, then, the medical bills were an "essential term" of any agreement.

The record does not show an "agreement" between counsel until the December 26, 2021, email from defense counsel attaching a release. Yet the Court has no response from Plaintiff's counsel agreeing to the terms. In addition, when Plaintiff received this version of the settlement, he rejected it. Plaintiff told his counsel that he rejected the settlement on January 6, 2022, the same day Plaintiff's counsel represented to this Court that a settlement had been reached, and the same day Plaintiff's counsel sent a letter to Plaintiff informing him of counsel's intent to withdraw due to an "irretrievable break down [sic] in the attorney client relationship." (ECF No. 37 at 1–2). *Counsel* may have agreed to the settlement terms on their way out the door, but the Court cannot conclude, based on the record before it, that Plaintiff shared in this agreement.

The Court is cognizant of the fact that, generally, counsel have authority, either apparent or actual, to enter into settlements on behalf of their clients. *See, e.g., Todd v. Coleman*, 119 N.E.3d

1137, 1141 (Ind. Ct. App. 2019). But it is also true that counsel cannot enter into an agreement without the client's consent. *Id*. (citing *Bay v. Pulliam*, 872 N.E.2d 666, 668 (Ind. Ct. App. 2007). The record before the Court shows that Plaintiff did not attend the mediation due to his incarceration. (ECF No. 42). And while counsel's letters to Plaintiff state that Plaintiff "authorized the case to be settled for the Defendant's final offer of $5K plus their payment of your mediation costs," (ECF No. 37 at 1), the emails between counsel cause serious doubts regarding the scope of that authorization and the terms to which Plaintiff agreed. The Court simply cannot find, on the record before it, that Plaintiff entered into a contractual agreement to agree to the terms that Defendant has tendered.

The Court does not doubt that counsel agreed to the broad strokes of a settlement at mediation. But the lack of any written agreement under Ind. ADR Rule 2.7(E)(2) leaves the Court the Court to conclude that no binding settlement was reached. Instead, the Court must look to the conduct of the parties after mediation to see if a binding contract was reached. For the reasons set forth above, the Court cannot find that Plaintiff demonstrated an intent to be bound by the terms Defendant now seeks to enforce. As such, there is no binding settlement for the Court to enforce.

While this decision means this case must proceed, it need not do so with Plaintiff's counsel on-board. The filings by counsel are more than sufficient to demonstrate grounds for withdrawal. *See* Model Rules of Professional Conduct (ABA), Rule 1.16(b). Counsel's motion to withdraw will be granted.

### III.  Conclusion

For these reasons, Defendant's Motion to Enforce Settlement, Motion for Fees & Costs and Motion to Dismiss (ECF No. 30) is DENIED. Plaintiff's counsel's Motion to Withdraw (ECF No. 36) is GRANTED.

SO ORDERED on February 25, 2022.

                                                  s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT